**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2749-14T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES W. BOLLINGER,
a/k/a JAMES BOLLINGER, JIM
BOLLINGER, JAMES W. J. BOLLINGER,
JAMES W. BOLLINGER, JR.,
JAMES M. BOLLINGER,

     Defendant-Appellant.

_____

Submitted June 28, 2016 — Decided  August 31, 2017

Before Judges Espinosa and Grall.

On appeal from the Superior Court of New
Jersey, Law Division, Cape May County,
Indictment No. 13-10-0973.

Joseph E. Krakora, Public Defender, attorney
for appellant (Elizabeth C. Jarit, Assistant
Deputy Public Defender, of counsel and on
the briefs).

Christopher S. Porrino, Acting Attorney
General, attorney for respondent (Carol M.
Henderson, Assistant Attorney General, of
counsel and on the brief).

PER CURIAM

Defendant James W. Bollinger pled guilty to driving during a period of license suspension in violation of N.J.S.A. 39:3-40, that was imposed for a second or subsequent violation of N.J.S.A. 39:4-50 or N.J.S.A. 39:4-50.4a. The offense is a fourth-degree crime, and it requires a sentence of imprisonment with no fewer than 180 days' parole ineligibility. N.J.S.A. 2C:40-26(b)-(c). Defendant entered his plea on December 1, 2014, and was sentenced on January 13, 2015. The judge dismissed a count of the indictment charging defendant with the crime defined in subsection (a) of N.J.S.A. 2C:40-26 and sentenced him to eighteen months' imprisonment with 215 days' parole ineligibility. The judge also awarded 215 days' jail credits and imposed the appropriate fines, penalties and assessments. N.J.S.A. 2C:43-33.1 to -33.3.

On March 3, 2015, a panel of this court issued an opinion resolving seven consolidated appeals that raised the question whether a conviction for N.J.S.A. 2C:40-26(a)-(b) can be established if "the act of driving occurs beyond the determinate sentenced term of suspension" imposed for violating N.J.S.A. 39:4-50 or N.J.S.A. 39:4-50.4a, and "while the driver continues on administrative suspension." State v. Perry, 439 N.J. Super. 514, 519 (App. Div.), certif. denied, 222 N.J. 306 (2015).

Writing for the panel, Judge Carmen H. Alvarez concluded, "the statute criminalizes the operation of a motor vehicle only while the operator is serving the court-imposed term of suspension, and not thereafter." Ibid. The Supreme Court denied certification on March 3, 2015. Perry, supra, 222 N.J. at 306. Understanding we are not bound by Perry and having considered the State's well-reasoned arguments urging us to take a different course, we see no reason to deviate from Perry.

Perry requires a reversal of defendant's guilty plea, because his factual basis plainly established that his charge was based on his driving after the term of his license-suspension for driving while under the influence expired but before he took the necessary steps to restore his license. It is well-settled that a guilty plea requires defendant's acknowledgement of "facts that constitute the essential elements of the crime." State v. Gregory, 220 N.J. 413, 420 (2015). The fact that the period of defendant's court ordered suspension had expired was undisputed.

Accordingly, we reverse and remand with direction to vacate the conviction and fines. Because we are reversing based on the absence of a factual basis supporting the conviction, it is not necessary to address the additional points the defendant raises. Those points are:

A-2749-14T2

POINT I

BECAUSE N.J.S.A. 2C:40-26 DOES NOT APPLY TO AN INDIVIDUAL WHO DRIVES AFTER HIS COURT-ORDERED PERIOD OF LICENSE SUSPENSION FOR A DWI OR REFUSAL OFFENSE HAS LAPSED, BOLLINGER'S FACTUAL BASIS IS INADEQUATE, REQUIRING REVERSAL.

A. PERRY CORRECTLY HELD THAT THE PLAIN MEANING OF N.J.S.A. 2C:40-26 CRIMINALIZES ONLY THE OPERATION OF A MOTOR VEHICLE DURING THE COURT-IMPOSED PERIOD OF LICENSE SUSPENSION.

B. PERRY CORRECTLY HELD THAT THE LEGISLATIVE HISTORY REVEALS THAT THE PURPOSE OF THE STATUTE WAS TO SPECIFICALLY PUNISH REPETITIVE DRUNK DRIVERS WHO FLAUNT THE COURT-ORDERED SANCTIONS OF LICENSE SUSPENSION IMPOSED AS A RESULT OF A DWI OR BREATHALYZER-REFUSAL VIOLATION.

C. PERRY CORRECTLY HELD THAT THE RULE OF LENITY REQUIRES THAT CRIMINAL STATUTES BE INTERPRETED IN THE DEFENDANT'S FAVOR IN ORDER TO SAVE THE STATUTE FROM BEING UNCONSTITUTIONALLY VAGUE.

D. PERRY CORRECTLY HELD THAT STATE V. ZALTA IS INAPPLICABLE TO INTERPRETING N.J.S.A. 2C:40-26.

E. IN ADDITION, LOOKING AT THE STATUTES IN PARI MATERIAL SUPPORTS THE PERRY COURT'S CONCLUSION THAT THE TERM "PERIOD" OF LICENSE SUSPENSION HAS BEEN INTERPRETED AS HAVING A DEFINITE LENGTH OF TIME WITH LIMITS DEFINED BY A COURT.

4

F. AN INTERPRETATION OF THE STATUTE CRIMINALIZING DRIVING UNTIL ONE'S LICENSE HAS BEEN ADMINISTRATIVELY RESTORED VIOLATES THE CONSTITUTIONAL DOCTRINE OF EQUAL PROTECTION.

G. PURSUANT TO PERRY, BOLLINGER'S FACTUAL BASIS DOES NOT SET FORTH A CRIME UNDER N.J.S.A. 2C:40-26, REQUIRING REVERSAL OF HIS CONVICTIONS.

POINT II

THE TRIAL COURT COMMITTED NUMEROUS ERRORS AT SENTENCING AND IMPOSED AN EXCESSIVE SENTENCE, REQUIRING REVERSAL.

A. THE TRIAL COURT IMPROPERLY FOUND AGGRAVATING FACTOR THREE BASED ON THE DEFENDANT'S ADDICTION.

B. THE TRIAL COURT FAILED TO PROVIDE A STATEMENT OF REASONS FOR AGGRAVATING FACTOR NINE.

C. IMPOSITION OF THE MAXIMUM SENTENCE WAS EXCESSIVE, AS THE COURT FOUND TWO MITIGATING FACTORS, AND FOUND ONLY AGGRAVATING FACTORS, THREE, SIX, AND NINE.

D. BECAUSE THE COURT WAS UNDER THE MISTAKEN IMPRESSION THAT BOLLINGER WOULD BE ELIGIBLE FOR PAROLE IMMEDIATELY, A REMAND IS REQUIRED FOR RESENTENCING.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2749-14T2