186 N.J. Super. 355 (1982)
452 A.2d 700
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RAFAEL SANTIAGO COLON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1982.
Decided October 27, 1982.
*356 Before Judges BISCHOFF, J.H. COLEMAN and GAULKIN.
Robert J. Konzelmann, Assistant Deputy Public Defender, argued the cause for appellant (Joseph H. Rodriguez, Public Defender, attorney).
Frank M. Gennaro, Deputy Attorney General, argued the cause for the respondent (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; Daniel Louis Grossman, Deputy Attorney General, of counsel and on the letter brief).
PER CURIAM.
Defendant Rafael Santiago Colon was charged in a two-count indictment with murder, in violation of N.J.S.A. 2C:11-3 a(1) and N.J.S.A. 2C:11-3 a(2), and unlawful possession of a weapon in violation of N.J.S.A. 2C:39-5 d. The jury acquitted him of murder but convicted him of unlawful possession of a weapon.
On March 30, 1980 defendant, the victim and others were in an apartment building in Paterson. After someone suggested they cook potatoes, an argument occurred during which witnesses heard a click and saw a knife in defendant's hands. The *357 victim obtained a stick and engaged in a fight with defendant; the victim was stabbed 11 times by defendant, causing the victim's death. The knife was never clearly described by witnesses and it was not introduced into evidence at trial. There was some testimony that the knife used by defendant may have been on his person so that he could use it to peel potatoes for "the wine and potato party."
Defendant argues the verdict is against the weight of the evidence, contending that by its verdict the jury found him not guilty of murder because he acted in self-defense; that a weapon used in self-defense is lawfully used and if lawfully used it was lawfully possessed, and since the knife had uses other than illegal ones, he could not be convicted of a violation of N.J.S.A. 2C:39-5(d) which provides:
d. Other weapons. Any person who knowingly has in his possession any other weapon under circumstances not manifestly appropriate for such lawful uses as it may have is guilty of a crime of the fourth degree.
The contention is without merit. A lawful use of a weapon does not necessarily legitimate its prior possession. The statute's proscription is against possession, not use. The issue is not whether a weapon could be lawfully used, but whether the circumstances surrounding the possession were manifestly appropriate for such lawful uses.
The knife was not described or produced, but from the testimony of a "click" the jury could have inferred the knife was of the switchblade type and not likely to be possessed to be used to peel potatoes.
The jury's verdict was well supported by the evidence and the trial judge's denial of defendant's motion for a new trial based on the contention the verdict was against the weight of the evidence was not error. R. 2:10-1; State v. Brown, 80 N.J. 587, 591 (1979).
Defendant next attacks N.J.S.A. 2C:39-5(d) as "unconstitutional because it shifts the burden of proof to the defendant." Defendant argues the statute "permits the State to rely on a *358 conclusive presumption of implied use as a weapon merely by proving possession was under inappropriate circumstances." We disagree. The language of presumption is not contained in N.J.S.A. 2C:39-5(d) nor does "implied use" have anything to do with the statute. The burden is on the State to prove beyond a reasonable doubt that the circumstances in which defendant possessed the weapon were not manifestly appropriate for such lawful uses as the weapon might have.
Defendant was neither charged, tried nor convicted of a violation of N.J.S.A. 2C:39-3(e) which makes possession of a switchblade knife "without any explainable lawful purpose" a crime. Whatever presumption may flow from that statute, State v. Dunlap, 181 N.J. Super. 71 (Law Div. 1981), is not contained within the statute presently under consideration.
Finally, defendant contends that N.J.S.A. 2C:39-5(d) is "unconstitutionally vague and/or overbroad." The jury could find from the evidence that defendant possessed a switchblade knife. The defendant could not have been misled by any expression of law that the possession of a switchblade knife generally could be lawful. N.J.S.A. 2C:39-3(e) makes possession of a switchblade knife "without any explainable lawful purpose" a crime. See, also, N.J.S.A. 2C:39-1(r) which defines "weapon" to include a switchblade knife.
Statutes are not examined in the abstract without reference to conduct in assessing their constitutionality. State v. Norflett, 67 N.J. 268, 284-285 (1975). We hold this statute is not unconstitutionally vague. It gives sufficient notice that the conduct charged is criminal. State in the Interest of T.E.T., 184 N.J. Super. 324, 330 (App.Div. 1982).
Nor can the argument directed at overbreath aid defendant. He claims the statute is overbroad because many items may have lawful as well as unlawful uses. As a possessor of a switchblade knife defendant cannot be said to have standing to challenge the statute because it may adversely affect other persons whose possession of weapons may be lawful. State v. *359 Moretti, 52 N.J. 182, 192 (1968), cert. den. 393 U.S. 952, 8 S.Ct. 376, 21 L.Ed.2d 363 (1968).
In any event, we are of the view that N.J.S.A. 2C:39-5(d) is not overbroad.
Affirmed.