STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
RONALD LEE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 9, 1982—Decided December 16, 1982.

Before Judges MATTHEWS, ANTELL and FRANCIS.

*Joseph H. Rodriquez,* Public Defender, attorney for appellant (*Robert N. Abramowitz,* designated counsel, on the brief).

*Irwin I. Kimmelman,* Attorney General, attorney for respondent (*Mark Paul Cronin,* Deputy Attorney General, on the brief).

PER CURIAM.

Tried to a jury, defendant Ronald Lee was found guilty of burglary (*N.J.S.A.* 2C:18–2(a)(1)), count one; and possession of a weapon, scissors with the blades taped together, under circumstances manifestly inappropriate for lawful use (*N.J.S.A.* 2C:39–5(d)), count two.

Defendant was sentenced to five years imprisonment on count one and to a concurrent 18-month term on count two. A

penalty of $25 payable to the Violent Crimes Compensation Board was assessed on each count.

On this appeal defendant's contentions, as set forth in the brief submitted on his behalf, are the following:

LEGAL ISSUE # 1

THE TRIAL JUDGE COMMITTED REVERSIBLE ERROR IN HIS CHARGE TO THE JURY CONCERNING COUNT II OF THE INDICTMENT BY FAILING TO INSTRUCT THE JURY ON THE ELEMENT OF THE CRIME OF POSSESSION OF A WEAPON N.J.S. 2C:39–5(d) THAT THE DEFENDANT POSSESSED THE ITEM WITH A PURPOSE, INTENT OR KNOWLEDGE TO USE IT AS A WEAPON.

LEGAL ISSUE # 2

ABSENT A JUDICIAL CONSTRUCTION THAT THE ESSENTIAL ELEMENT IN DEFINING POSSESSION OF OTHERWISE LAWFUL ITEMS AS A CRIME IS THE INTENT TO USE THE DEVICE AS A WEAPON, N.J.S. 2C:39–5(d) IS UNCONSTITUTIONALLY VAGUE AND/OR OVERBROAD.

LEGAL ISSUE # 3

N.J.S. 2C:39–5(d) IS UNCONSTITUTIONAL BECAUSE IT SHIFTS THE BURDEN OF PROOF TO THE DEFENDANT.

The incident giving rise to the charges herein commenced at about 1:25 p.m. on December 8, 1979. James Whitney, an off-duty police officer, entered the kitchen from the living room of his home, at which time he heard a noise on his screen porch. Through a window of the kitchen door the officer saw defendant with his upper torso inside the screen of the porch. Whitney pursued defendant and being unable to apprehend him returned home and telephoned a central dispatch station, reporting the incident, together with a description and direction of flight of the intruder. Lee was eventually apprehended. At the time of his arrest Lee was patted down, as a result of which a pair of scissors taped at the ends, a spool of string, surgical tape and black leather gloves were recovered. Whitney subsequently recognized and identified Lee as the intruder in his home.

At the trial Sgt. Michael O'Donovan was qualified as an expert on weapons and gave his opinion that the taped scissors were useless for their traditional purpose and in the taped condition became a "stiletto." Defendant rested without calling witnesses or testifying. Nor did the defendant present any objection to the judge's charge.

■ We find no merit in the first point raised by defendant. The judge's charge to the jury properly informed them of the elements necessary for a conviction under *N.J.S.A.* 2C:39–5(d). That statute prohibits the possession of a weapon under circumstances not manifestly appropriate for such lawful uses as an instrument may have. The judge charged the jury that they had to find that the taped scissors was a weapon. He clearly defined the term "weapon." The judge then went on to instruct the jury as to the requirement under the statute that defendant knowingly possessed such a weapon. Finally, he advised the jury that the possession of the weapon had to be knowingly "under circumstances not manifestly appropriate for a lawful use." Thus, the judge clearly charged the jury as to the required statutory elements making up an offense under *N.J. S.A.* 2C:39–5(d).

There was no necessity to instruct the jury that the defendant "possessed the scissors with the purpose, intent or knowledge to use it as a weapon," as long as the crime was defined in terms of the circumstances surrounding the possession of the weapon.

This court, in *State in the Interest of T.E.T.,* 184 *N.J.Super.* 324 (App.Div.1982), held the statute interdicted the possession of an object which has a normal lawful use when the State proves that the object was possessed for use as a weapon, "rebutting the innocent inference suggested by the fact that the object is designed for a lawful use by proof of circumstances suggesting a purpose inconsistent with such lawful use." *Id.* at 329–330. The court noted:

> We find little difference between the standard of criminality established by *State v. Green* [62 *N.J.* 547, 560 (1973)] and *State v. Best,* 70 *N.J.* 56, 63–64 (1976), which followed the rule established in *State v. Green,* and the standard under the Code with respect to the use of knives as weapons. The Code's definition of the crime is more precise than that contained in *N.J.S.A.* 2A:151–41(c). The imprecise articulation in the former statute was upheld against a contention that the statute was unduly vague, *State v. Ebron, supra,* 122 *N.J.Super.* [552] at 556–557 based upon a requirement of proof—possession for an unlawful purpose—engrafted upon the statute by court interpretation. *Id.* at 557. Possession for an unlawful purpose—"possession [of] any other weapon . . . not . . . for such lawful uses as it may have"—is a sufficient standard for

defining criminal conduct. *See State v. Zito,* 54 *N.J.* 206, 215 (1969), where the court said, "Nor do we find obscurity in the words 'unlawful purpose.' An 'unlawful purpose' as the sense of the situation suggests, is a purpose to do an act which the Legislature has forbidden upon pain of conviction for crime or petty offense." Thus, we reject the contention that the present statute is unduly vague. [184 *N.J.Super.* at 330]

■ It is evident from the above that the standard of "circumstances not manifestly appropriate for lawful use" is the functional equivalent of the intent to use standard articulated in *State v. Green,* above. We are also in accord with the last two sentences in *T.E.T.,* above, which holds that the statute is not unduly vague, and we thus dispose of the defendant's challenge in that regard as raised in his second point.

■ In his third point, defendant claims that *N.J.S.A.* 2C:39–5(d) unconstitutionally shifts the burden of proof to him. He argues that the statute creates a "presumption of an implied use as a weapon merely by proving possession under inappropriate circumstances . . . [which] requires the defendant to come forth and prove that his possession is not manifestly inappropriate." Brief for appellant at 18. This contention is based on the erroneous belief that there is a significant difference between proof of intent to use an object as a weapon and proof of possession of an object which may be a weapon under circumstances not manifestly appropriate for lawful use. The burden of proof is always on the State to prove the latter beyond a reasonable doubt. *State v. Colon,* 186 *N.J.Super.* 355, 356 (App. Div.1982). The jury in the present case was so instructed quite explicitly.

Affirmed.

ANTELL, J.A.D. (dissenting).

A "weapon" is defined by *N.J.S.A.* 2C:39–1 r as "anything readily capable of lethal use or of inflicting serious bodily injury." It is evident that the definition encompasses a range of objects, ordinarily inoffensive and lawful, which is practically without limit. *N.J.S.A.* 2C:39–5 d criminalizes possession of any

weapon other than firearms "under circumstances not manifestly appropriate for such lawful uses as it may have...." Criminal responsibility is avoided only when it is "manifestly" clear that possession is appropriate. Without belaboring the point, it bears mention that the crime does not even depend upon a showing of inappropriateness. All that is required is evidence that the possession is not "manifestly appropriate."

If read literally, the statutory language would encompass countless situations which the Legislature could not have intended as the subject of prosecution. The workman carrying home a linoleum knife earlier used in his work; the paring knife inadvertently left on an automobile floor after being used for a lawful purpose; a stevedore's hook or a fisherman's gaff thrown into a vehicle and forgotten. A "weapon" could include a brick, a baseball bat, a hammer, a broken bottle, a fishing knife, barbed wire, a knitting needle, a sharpened pencil, a riding crop, a jagged can, rope, a screwdriver, an ice pick, a tire iron, garden shears, a pitch fork, a shovel, a length of chain, a penknife, a fork, metal pipe, a stick, etc. The foregoing only illustrate the variety of lawful objects which are often innocently possessed without wrongful intent, but under circumstances which are clearly not "manifestly appropriate" for their lawful use.

Possession of a fork is manifestly appropriate only at the dinner table, of a bat on the athletic field, of a shovel in the garden. It cannot be reasonably concluded that this penal enactment was actually intended to apply to possession of these common-place articles in the myriad circumstances when its appropriateness is less than "manifest." It has long been the rule that "where a literal reading of the statute leads to absurd consequences 'the court must restrain the words' and seek the true legislative intent." *Schierstead v. Brigantine,* 29 *N.J.* 220, 231 (1959). Furthermore, in this case a literal reading of the statute breaches the precept that "[p]enal laws must be clear enough so that '... all men subject to their penalties may know what acts it is their duty to avoid ...,' ... *State v. Gaynor,* 119

*N.J.L.* 582, 584 (E. & A.1937)." *State v. Caez,* 81 *N.J.Super.* 315, 319 (App.Div.1963).

This is the problem to which *State v. Green,* 62 *N.J.* 547 (1973), addressed itself under the pre-Code congruent statute, *N.J.S.A.* 2A:151–41(c), which penalized possession of a "dangerous knife." The standard there formulated to correct the obvious overbreadth of the statutory language was that an object not specifically declared unlawful as a weapon will be treated as one "if the purpose of possession is its use as a weapon." *Id.* at 560. We reiterated this criterion in *State in the Interest of T.E.T.,* 184 *N.J.Super.* 324 (App.Div.1982), after the enactment of the present Criminal Code, when we said that "to convict for possession of an object which has a normal lawful use, the State must show that the object was possessed for use as a weapon." *Id.* at 329.

If, by holding that the standard of "not manifestly appropriate" is "the functional equivalent of the intent to use standard articulated in *State v. Green* . . . ," the majority means that the two are interchangeable, then the latter should have been charged to the jury in so many words; there is no correlation in logic or experience between the fact that possession of a lawful object is not manifestly appropriate and the fact that the object is intended for use as a weapon by the possessor. It cannot be assumed that the jury herein, which was charged only in statutory language, would gather such an understanding without specific guidance.

If the two are not understood to be the same, the implication is that defendant's lack of wrongful intent is irrelevant and evidence thereof could not even be permitted. This follows for the reason that the issue then narrows down only to whether the State has carried its burden under the statutory language, and defendant's lack of intent is no defense to the fact that his possession was nevertheless not "manifestly" appropriate.

But even if defendants charged under this statute were free to offer evidence of their innocent purpose in response to proof

only that their possession was not manifestly appropriate, the Legislature could not have intended that the issue of guilt or innocence be submitted to the hazards of jury determination absent some affirmative proof of intent to use the object as a weapon. Such evidence is at least a minimal check on the power of arrest, with its significant implications in the law of search and seizure, and the risk of arbitrary prosecutions.

While in my view the circumstances of this defendant's possession of the taped scissors suffice to support a finding of intent to use them as a weapon, the jury was not instructed that such a finding must be made as a condition to arriving at a guilty verdict. Since defendant's intent was an element of the crime charged he was entitled to such an instruction from the court without a request that it be given. *State v. Butler,* 27 *N.J.* 560, 595 (1958).

I would vote to reverse and remand for a new trial.