SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized).

### State of New Jersey v. Tahir S. Gregory (A-40-13) (072715)

**Argued October 6, 2014 -- Decided February 2, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers whether defendant provided an adequate factual basis to sustain his plea of guilty to possession with the intent to distribute a controlled dangerous substance within 1000 feet of school property.

Defendant Tahir S. Gregory was arrested and charged in a ten-count indictment with, among other things, possession of a controlled dangerous substance (heroin) with the intent to distribute within 1000 feet of a school, N.J.S.A. 2C:35-7. Defendant pled guilty to a violation of N.J.S.A. 2C:35-7, which provides that "[a]ny person who . . . possess[es] with intent to distribute a controlled dangerous substance . . . within 1,000 feet of [any] school property. . . is guilty of a crime." At his plea hearing, defendant admitted that he knowingly possessed heroin contained in individual, stamp-sized packages with specific markings while within 1000 feet of school property. He acknowledged initialing and signing the plea form, and admitted during his plea colloquy that he was entering his guilty plea knowingly and voluntarily. The "nature of the offense" section of the standard plea form initialed and signed by defendant lists the charge against defendant as "Poss CDS w/ intent School Zone." Nowhere on the form does it state "intent to distribute." The trial court accepted defendant's plea of guilty and sentenced him to an extended term of eight years in prison with a forty-eight month parole disqualifier.

Defendant appealed, contending, among other things, that he did not provide an adequate factual basis to sustain his guilty plea. The Appellate Division affirmed defendant's conviction. The Court granted defendant's petition for certification. 216 N.J. 359 (2013).

**HELD**: Defendant did not provide a factual basis sufficient to sustain his guilty plea because he did not admit to all of the elements of the crime or admit facts from which the court could conclude that all of the elements of the crime had been established.

1. When a defendant pleads guilty, he or she waives important constitutional rights, including the right to avoid self-incrimination, to confront his or her accusers, and to secure a jury trial. A defendant who pleads guilty also relinquishes the right to require that the State prove to the jury every element of the offense beyond a reasonable doubt. In recognition of a defendant's constitutional protections, when he or she decides to plead guilty and waive the right to a trial the court "must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing R. 3:9-2). During a plea hearing, a defendant must be questioned personally in order to establish a factual basis for the plea. The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting the essential elements of the crime. State v. Campfield, 213 N.J. 218, 231 (2013)(citing State v. Sainz, 107 N.J. 283, 293 (1987). (pp. 4-6)

2. Because the trial court is in no better position than an appellate court to determine whether the factual admissions during a plea colloquy satisfy the essential elements of an offense, the standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo. The elements of the offense to which defendant pled guilty here were (1) possession of a controlled dangerous substance, (2) with the purposeful or knowing intent to distribute the substance, and (3) within 1000 feet of any school property. During his plea colloquy, defendant admitted to knowingly or purposely possessing heroin while within 1000 feet of a school, and that he knew the heroin was individually packaged in small, specifically marked baggies. However, the "intent to distribute" element of the offense was absent from defendant's testimony. Although the word "intent" appears on the plea form that defendant admitted initialing and signing, he did not clarify at the plea hearing whether the word

"intent" on the plea form referred to "possess" or "distribute." Without defendant's testimony explaining and acknowledging his "intent to distribute," the plea form is not germane. Although the State urges the Court to presume defendant's intent to distribute from the way the narcotics were packaged, a court is not permitted to presume facts required to establish "'the essential elements of the crime.'" State ex rel. T.M., 166 N.J. 319, 333 (1999)(quoting Sainz, 107 N.J. at 293). It was incumbent upon the trial court to make sure that a comprehensive factual basis, addressing each element of the offense in substantial detail, was given when defendant pled guilty. Because the factual basis falls short here, the Court is constrained to vacate defendant's guilty plea and remand to the trial court. (pp. 6-9)

The judgment of the Appellate Division is **REVERSED**, defendant's guilty plea is **VACATED**, the indictment is **REINSTATED**, and the matter is **REMANDED** to the trial court.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

TAHIR S. GREGORY, a/k/a TAHIR
NELSON, TAHIR S. SAHKOOR, and
TAMIR SHAKUR,

    Defendant-Appellant.


        Argued October 6, 2014 – Decided February 2, 2015

        On certification to the Superior Court,
        Appellate Division.

        Susan C. Green, First Assistant Deputy
        Public Defender, argued the cause for
        appellant (Joseph E. Krakora, Public
        Defender, attorney; Ms. Green, Elizabeth C.
        Jarit, Assistant Deputy Public Defender, and
        Steven E. Braun, Designated Counsel, on the
        briefs).

        Jane C. Schuster, Deputy Attorney General,
        argued the cause for respondent (John J.
        Hoffman, Acting Attorney General of New
        Jersey, attorney).


    JUSTICE SOLOMON delivered the opinion of the Court.

    Defendant pled guilty to possession with the intent to

distribute a controlled dangerous substance within 1000 feet of

school property.  The question before this Court is whether

defendant provided an adequate factual basis to sustain his plea

of guilty.  Defendant did not admit to all of the elements of the crime or admit facts from which the court could conclude that all of the elements of the crime had been established. Accordingly, we reverse defendant's conviction, vacate his guilty plea, reinstate the indictment, and remand the matter to the trial court.

I.

Freddie Robinson, Joseph Parker-Bey, and defendant Tahir S. Gregory were arrested following a narcotics investigation conducted by the Atlantic City Police Department.  Defendant was charged in a ten-count indictment with, among other things, possession of a controlled dangerous substance (heroin) with the intent to distribute within 1000 feet of a school, contrary to N.J.S.A. 2C:35-7.

On the day of trial, defendant expressed the desire to represent himself, and the trial court conducted a self-representation hearing.  At the hearing, defendant confirmed that he understood the nature of the charges against him, including the charge of "intent to distribute," and he was able to define the term distribution.  After a short recess, defendant withdrew the request to represent himself and asked to proceed to trial.

The next day, defendant decided instead to plead guilty to a violation of N.J.S.A. 2C:35-7, which provides that "[a]ny

2

person who . . . possess[es] with intent to distribute a controlled dangerous substance . . . within 1,000 feet of [any] school property. . . is guilty of a crime." At his plea hearing, defendant admitted that he knowingly possessed heroin contained in individual, stamp-sized packages with specific markings while within 1000 feet of school property. He acknowledged initialing and signing the plea form, and admitted during his plea colloquy that he was entering his guilty plea knowingly and voluntarily. The "nature of the offense" section of the standard plea form initialed and signed by defendant lists the charge against defendant as "Poss CDS w/ intent School Zone." Nowhere on the form does it state "intent to distribute." The trial court accepted defendant's plea of guilty and sentenced him to an extended term of eight years in prison with a forty-eight month parole disqualifier.

Defendant appealed, contending, among other things, that he did not provide a factual basis sufficient to sustain his guilty plea. The Appellate Division affirmed defendant's conviction, and we granted certification, State v. Gregory, 216 N.J. 359 (2013).

## II.

Defendant contends that, because he did not admit to intent to distribute heroin, the factual basis he gave in support of his guilty plea was insufficient to sustain his

3

conviction under N.J.S.A. 2C:35-7.  The State, citing State ex rel. T.M., counters that defendant's admissions provide a sufficient factual basis for his guilty plea when "examined in light of all surrounding circumstances and in the context of [the] entire plea colloquy."  166 N.J. 319, 327 (1999) (citing State v. Smullen, 118 N.J. 408, 415 (1990); State v. Barboza, 115 N.J. 415, 422 (1989)).

                              III.

     We begin our analysis with a review of defendant's rights and the court's responsibilities in a plea hearing.  When a defendant pleads guilty, he or she waives important constitutional rights, "including the right to avoid self-incrimination, to confront his or her accusers, and to secure a jury trial."  Barboza, supra, 115 N.J. at 420 (citing McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct. 1166, 1171, 22 L. Ed. 2d 418, 425 (1969); State v. Taylor, 80 N.J. 353, 361-62 (1979)).  A defendant who pleads guilty also relinquishes the right to require that the State prove to the jury every element of the offense beyond a reasonable doubt.  See State v. Medina, 147 N.J. 43, 48-49 (1996).

     In recognition of a defendant's constitutional protections, when he or she decides to plead guilty and waive the right to a trial, the court "must be convinced that (1) the defendant has

                              4

provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing R. 3:9-2). Thus, our rules require that during a plea hearing a defendant be questioned personally in order to establish a factual basis for the plea:

> The court, in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.
>
> [R. 3:9-2.]

The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting essential elements of the crime. State v. Campfield, 213 N.J. 218, 231 (2013) (citing State v. Sainz, 107 N.J. 283, 293 (1987)).

In Campfield, this Court concluded that the defendant's admissions to beating the victim, forcing him to remove most of his clothing, and chasing him into the woods in frigid weather established the element of recklessness under the manslaughter statute. Id. at 236. This Court reached a similar conclusion

in State v. Simon, 161 N.J. 416, 450 (1999), where we said that, "[i]n addition to the defendant's own words, common sense informs us that when someone shoots at another person in the upper body region, such as the neck and head, the shooter's purpose is either to cause serious bodily injury that results in death or to actually cause death."

IV.

With those principles in mind, we turn to defendant's contention that the factual basis given was inadequate to demonstrate that he violated N.J.S.A. 2C:35-7. "The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, __ N.J. __, __ (2015) (slip op. at 11); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). Because the trial court is not making determinations such as the credibility of witnesses, which call for deference, it is in no better position than an appellate court to determine whether the factual admissions during a plea colloquy satisfy the essential elements of an offense. See Barboza, supra, 115 N.J. at 422 ("The discretion of the trial court in assessing a plea is limited to assuring that the criteria for a valid plea of guilty have been met.").

6

The elements of the offense to which defendant pled guilty here were (1) possession of a controlled dangerous substance, (2) with the purposeful or knowing intent to distribute the substance, and (3) within 1000 feet of any school property. Our analysis of the sufficiency of the factual basis given as to each of those elements begins with the recognition that trial courts need not follow a "'prescribed or artificial ritual'" when entering a defendant's guilty plea. Id. at 231 (quoting T.M., supra, 166 N.J. at 327). Indeed, in State v. Mitchell, 126 N.J. 565, 581 (1992), we held that when considering a guilty plea, trial courts are permitted to look at the "surrounding circumstances." As fully explained in Tate, supra, __ N.J. at __ (slip op. at 16-18), we interpret Mitchell to allow trial courts to consider at the plea hearing stipulations and facts admitted or adopted by the defendant when assessing the adequacy of a defendant's factual basis.

Simply put, a defendant must acknowledge facts that constitute the essential elements of the crime. Sainz, supra, 107 N.J. at 293. As we held in Campfield, supra, a defendant's admissions to beating the victim, forcing him to remove most of his clothing, and chasing him into the woods in frigid weather established the element of recklessness under the manslaughter statute. 213 N.J. at 236.

7

We recognize that, in certain limited circumstances, a particular element of an offense may address a fact that is beyond a defendant's knowledge; a defendant may not know whether an unlawful transaction occurred within 1000 feet of a school. To satisfy such an element, prosecutors should make an appropriate representation on the record at the time of the hearing, so that the defendant can acknowledge or dispute it.

During his plea colloquy, defendant admitted to knowingly or purposely possessing heroin -- albeit not on his person -- while within 1000 feet of a school, and that he knew the heroin was individually packaged in small, specifically marked baggies.[1] However, the "intent to distribute" element of the offense was absent from defendant's testimony.

Although the word "intent" appears on the plea form that defendant admitted initialing and signing, he did not clarify at the plea hearing whether the word "intent" on the plea form referred to "possess" or "distribute."[2]  Without defendant's

---

[1] Defendant did not state the number of small, individually packaged, specifically marked baggies that he possessed, or otherwise describe the amount of heroin in his possession.

[2] A defendant can violate N.J.S.A. 2C:35-7 without intending to be within 1000 feet of school property.  State v. Ivory, 124 N.J. 582, 592 (1991) ("the fact that defendant may not have intended to make distribution within 1,000 feet of school property is irrelevant" (internal quotation marks omitted)).

8

testimony explaining and acknowledging his "intent to distribute," the plea form is not germane.

The State urges this Court to presume defendant's intent to distribute from the way the narcotics were packaged. However, a court is not permitted to presume facts required to establish "'the essential elements of the crime.'" T.M., supra, 166 N.J. at 333 (quoting Sainz, supra, 107 N.J. at 293); see also Campfield, supra 107 N.J. at 232 ("The trial court's task is to ensure that the defendant has articulated a factual basis for each element of the offense to which he pleads guilty.").

We acknowledge that this case involved separate hearings on consecutive days. The many factual representations made at those proceedings undoubtedly complicated matters. Nevertheless, it was incumbent upon the trial court to make sure that a comprehensive factual basis, addressing each element of the offense in substantial detail, was given when defendant pled guilty. Because the factual basis falls short here, we are constrained to vacate defendant's guilty plea and remand to the trial court.

V.

For the reasons set forth above, the judgment of the Appellate Division is reversed, the defendant's guilty plea is

9

vacated, the indictment is reinstated, and the matter is remanded to the trial court.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.

SUPREME COURT OF NEW JERSEY

NO. __A-40__                                SEPTEMBER TERM 2013

ON CERTIFICATION TO        Appellate Division, Superior Court
                    _____

STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                v.

TAHIR S. GREGORY, a/k/a TAHIR
NELSON, TAHIR S. SAHKOOR, and
TAMIR SHAKUR,
        Defendant-Appellant.


DECIDED  _____February 2, 2015_____
_____
                Chief Justice Rabner                    PRESIDING

OPINION BY  _____Justice Solomon_____

CONCURRING/DISSENTING OPINIONS BY  _____

DISSENTING OPINION BY  _____

| CHECKLIST | REVERSE/ VACATE/ REINSTATE/ REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |

1