**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4435-15T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

RAINLIN VASCO,

     Defendant-Appellant.

_____

     Submitted March 14, 2017 — Decided October 20, 2017

     Before Judges Espinosa, Suter, and Guadagno
     (Judge Espinosa dissenting).

     On appeal from the Superior Court of New
     Jersey, Law Division, Union County,
     Accusation No. 15-09-0641.

     Joseph E. Krakora, Public Defender, attorney
     for appellant (Frank M. Gennaro, Designated
     Counsel, on the brief).

     Grace H. Park, Acting Union County
     Prosecutor, attorney for respondent
     (Meredith L. Balo, Special Deputy Attorney
     General/Acting Assistant Prosecutor, of
     counsel and on the brief).

   PER CURIAM

Defendant Rainlin Vasco appeals his judgment of conviction for fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).  We affirm.

I.

The following facts are taken from the record.  On August 6, 2015, Elizabeth police responded to a report of domestic violence at an apartment occupied by defendant and his mother. Defendant and N.C. began to date in January 2015.  N.C. became pregnant with defendant's child and moved in with defendant and his mother a few weeks before this incident.  When N.C. told defendant she wanted to go back to her mother's house, he became angry and grabbed her.  N.C. pushed defendant and he "got madder."  Defendant took out a knife, started walking toward N.C. and told her he was going to cut her neck "wide open." N.C. yelled for defendant's mother, R.P., to come and R.P. took the knife from defendant.  Defendant then jumped on N.C. and began punching her in the leg until R.P. pulled him off.  R.P. dialed 9-1-1 and defendant ran out of the house before police arrived.

Defendant was initially charged with simple assault, N.J.S.A. 2C:12-1(a), third-degree terroristic threats, N.J.S.A. 2C:12-3(a), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

On September 16, 2015, pursuant to a plea agreement, defendant waived his rights to indictment and trial by jury and agreed to plead guilty to an accusation charging him with fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

During his guilty plea allocution, defendant provided the following responses to questions by his counsel:

> Q: Mr. Vasco, on August 6, 2015, were you in the City of Elizabeth?
>
> A: Yes, I was.
>
> Q: And on that date, did you possess a knife?
>
> A: Yes, I did.
>
> Q: And was it your understanding that it was against the law to possess that knife?
>
> A: Yes, it was.

When defendant's counsel indicated he had no further questions, the assistant prosecutor asked to confer with him. Counsel then indicated he had a follow-up question:

> Q: And did you — and you didn't have a lawful purpose for that knife, right?
>
> A: I had a lawful — I had a lawful purpose, like, I didn't want to do anything unlawful. I just possessed it.

The judge then indicated he could not accept the plea because defendant had not presented an adequate factual basis and suggested the parties return after the lunch break.

When they returned, defendant provided the following responses to his counsel's questions:

> Q:    Mr. Vasco, on August 6, 2015, you were in the City of Elizabeth, correct?
>
> A:    Yes, I was.
>
> Q:    And you were in possession of a knife, right?
>
> A:    Yes.
>
> Q:    And you didn't have a lawful purpose for that knife, right?
>
> A:    I did not.
>
> Q:    Okay.

After confirming that defendant understood that he was still under oath, the judge indicated he was satisfied defendant provided an adequate factual basis for his guilty plea and scheduled sentencing for October 30, 2015.

On that date, defendant requested an adjournment to apply for pretrial intervention (PTI). Defendant's PTI application was subsequently denied and he appealed.

On February 11, 2016, while defendant's PTI appeal was pending, defendant, represented by new counsel, filed a motion

to withdraw his guilty plea alleging he received ineffective assistance from his plea counsel and had not presented an adequate factual basis for his guilty plea. Later that month defendant withdrew his appeal of the denial of his PTI application.

On May 16, 2016, a different judge heard argument on defendant's motion. Defendant submitted a certification in which he claimed that during his argument with N.C., he noticed a knife nearby and was afraid N.C. would use the knife against him. He picked up the knife to move it away from N.C. and put it in a "safer location" away from N.C. Defendant denied using or intending to use the knife as a weapon.

Defendant also provided a statement N.C. gave to his investigator in which she recanted her prior allegation:

> Rainlin Vasco did not pull out the knife on the day of the incident. At the heat of the moment we were both upset and arguing verbally, but it never got any further than that. Both me and his mother, [R.P.] wanted him to get help at a Trinitas mental hospital, but were informed that the police needed to be called before anything. Rainlin's intent was and is never to hurt me in any way and I do not see him as a threat.

R.P. also provided a statement, but she confirmed that defendant possessed a knife:

> I was in my house in my living room and I heard them arguing and I know he had a knife and I got very nervous and I know that my son, Rainlin, is a very nervous person. I understood that I had to call hospital crisis and when I did, the hospital told me that I had to call the police for them to come to the house. I was just asking them to talk to a psychologist to speak to my son, Rainlin, and I never thought that this call would go any further than this. I ask that you excuse me for any misunderstanding.

The judge provided a thorough analysis of the four factors set forth in State v. Slater, 198 N.J. 145 (2009), which addressed the circumstances under which a guilty plea may be withdrawn.

The judge found there was an adequate factual basis for defendant's plea, noting that during defendant's allocution, he affirmed under oath that he did not have a lawful purpose when he possessed the knife on August 6, 2015. The judge also observed that defendant was pleading to unlawful possession of a weapon and not possession of a weapon for an unlawful purpose. The judge rejected defendant's claim that he received ineffective assistance from plea counsel, noting that defendant's plea agreement was "generous and beneficial" to him as he pled guilty to a reduced fourth-degree charge with a recommendation of a non-custodial sentence of probation.

6

The judge found defendant had not made a colorable claim of innocence, noting that defendant's claim was contradicted by N.C.'s sworn statement to police at the time of the incident, and by the 9-1-1 call made by R.P. The judge listened to a recording of the 9-1-1 call[1] and read the statement R.P. made to the dispatcher into the record: "my son took [a] knife and threatened his girlfriend . . . [A]nd said he was going to kill her with [the knife.]"

The judge found that withdrawal of the guilty plea would prejudice the State as the victim, N.C., may not be cooperative testifying at trial.

The judge then proceeded to sentence defendant in accordance with the plea agreement to a two-year term of probation with the conditions that he submit to a substance abuse evaluation and follow recommendations, and enter and successfully complete a batterer's intervention program.

Defendant appealed, but initially only challenged his sentence as excessive. When we heard the matter on an excessive sentence oral argument (ESOA) calendar, see Rule 2:9-11, it became apparent that defendant was challenging the denial of his motion to withdraw his plea. We then transferred the appeal to

---

[1] The 9-1-1 recording was not provided to us.

a plenary calendar.  Defendant now presents the following argument:

> DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA
> WAS WRONGFULLY DENIED.

## II.

"Before a court can accept a defendant's guilty plea, it first must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing Rule 3:9-2).  "Once it is established that a guilty plea was made voluntarily, it may only be withdrawn at the discretion of the trial court." Id. at 332 (citing State v. Simon, 161 N.J. 416, 444 (1999)).  A trial judge's finding that a plea was voluntarily and knowingly entered is entitled to [our] deference so long as that determination is supported by sufficient credible evidence in the record. . . . [A]nd will be reversed on appeal only if there was an abuse of discretion which renders the lower court's decision clearly erroneous. Ibid.  (quoting Simon, supra, 161 N.J. at 444).

"[D]ifferent burdens . . . attach to pre-sentence and post-sentence motions to withdraw a plea; pre-sentence motions to withdraw a plea are governed by the "interest of justice"

standard in Rule 3:9-3(e), while post-sentence motions are subject to the "manifest injustice" standard in Rule 3:21-1." State v. McDonald, 211 N.J. 4, 16 (2012) (quoting Slater, supra, 198 N.J. 158). Because defendant attempted to withdraw his plea prior to sentence, the Slater factors are evaluated under the more relaxed interest of justice standard of Rule 3:9-3. Defendant relies on his certification and the statements of N.C. and R.P. in arguing the judge erred in concluding he had not made a colorable claim of innocence.

To prevail on the first Slater factor, defendants must make a colorable claim of innocence by presenting "specific, credible facts and, where possible, point to facts in the record that buttress their claim." Slater, supra, 198 N.J. at 158.

Defendant's claim, that he possessed the knife merely to move it away from N.C. so she would not use it against him, is flatly contradicted by N.C.'s initial statement to police, and R.P.'s 9-1-1 call. In her statement to defendant's investigator, R.P. acknowledged she knew defendant "had a knife and . . . got nervous." Even N.C.'s retraction, that defendant "did not pull out the knife," did not squarely support defendant's version that N.C. was the aggressor and he moved the knife to keep it away from her. We are satisfied that defendant

has not presented "specific credible facts" in support of his claim of innocence.

The second Slater factor, the nature and strength of defendant's reasons for withdrawal, "focuses on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force." Slater, supra, 198 N.J. at 159.

We note that defendant did not move to withdraw his guilty plea until after his application for PTI was denied. Moreover, defendant presents no explanation why he failed to assert the current version before entering his guilty plea. See McDonald, supra, 211 N.J. at 26 ("In the absence of a colorable claim of innocence or a credible explanation for defendant's failure to assert his defenses before his guilty plea, the balancing of the Slater factors supports the decision . . . to deny defendant's motion to withdraw his plea of guilty.").

Defendant claims the judge erred in considering his allocution where he admitted that he did not have a lawful purpose for possessing the knife. Instead, defendant urges that we focus on his initial response that he had a lawful purpose in possessing the knife and "didn't want to do anything unlawful." After the judge refused to accept defendant's initial allocution, defendant returned to court after a recess and

10                                              A-4435-15T2

acknowledged, still under oath, that he did not have a lawful purpose for possessing the knife.

Defendant claims his possession of the knife was "manifestly appropriate" because he was attempting to remove it to prevent N.C. from using it. However, the motion judge rejected this version along with N.C.'s recantation, noting "these facts are contradicted by [N.C.'s] statement given to the police on the night of the incident, [R.P.'s 9-1-1] calls and the defendant's original plea allocution." Defendant makes no claim that he was pressured or coerced into changing his allocution[2] and presents no evidence of same.

Even though our November 10, 2016 order transferring this matter to our plenary calendar, directed the parties to submit "briefs limited to an analysis of the Slater . . . issues[,]" our dissenting colleague now argues a Slater analysis is not

---

[2] In his brief, defendant claims for the first time that during his initial allocution, he attempted to explain why his possession of the knife was lawful, but during the recess his counsel "convinced [him] he was guilty regardless of his explanation." As this claim was not presented to the motion judge where it could have been "subjected to the rigors of an adversary hearing" and is unsupported by any record evidence, we do not consider it now. State v. Robinson, 200 N.J. 1, 18-19 (2009) ("The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves.").

appropriate, as the only issue before us is whether defendant failed to provide an adequate factual basis for his guilty plea.

"The standard of review of a trial court's denial of a motion to vacate a plea for lack of an adequate factual basis is de novo." State v. Urbina, 221 N.J. 509, 528 (2015) (quoting State v. Tate, 220 N.J. 393, 404 (2015)). Tate instructs that "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Id. at 404 (Emphasis added). However, defendant's motion to withdraw his plea was based not only on his claim that the factual basis was inadequate, but on his allegation that he had demonstrated a colorable claim of innocence based on new statements by N.C. and R.P. A review of the later claim required a Slater analysis.

Relying on State v. Gregory, 220 N.J. 413 (2015), the dissent argues that defendant's factual basis is inadequate as a matter of law as "he did not admit to circumstances that were manifestly inappropriate." We find Gregory factually inapposite.

In Gregory, the defendant pled guilty to possessing heroin with intent to distribute while within 1000 feet of a school, N.J.S.A. 2C:35-7. Id. at 417. At his plea hearing, the defendant acknowledged possessing several packages of heroin

near a school but never indicated his intent to distribute that heroin, an essential element of the crime. Id. at 421.

Here, defendant initially balked when he was first asked if he had lawful purpose for possessing the knife, explaining he had no intent "to do anything unlawful." After the judge refused to accept the plea, defendant returned after a recess and, in response to questions by his attorney, admitted that he did not have a lawful purpose for possessing the knife.

While the dissent would have preferred a more expansive and detailed admission, that is simply not required to establish a factual basis for N.J.S.A. 2C:39-5(d). Recently, our Supreme Court reviewed the three classes of possessory weapons offenses and noted that while "possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), calls for an inquiry into the intent of the possessor of a weapon, intent is not an element of unlawful possession of a weapon, N.J.S.A. 2C:39-5(d). State v. Montalvo, 229 N.J. 300, 316-17 (2017). The "proper . . . inquiry is not one of intent, 'but whether the circumstances surrounding the possession were manifestly appropriate' for lawful use." Id. at 317 (quoting State v. Colon, 186 N.J. Super. 355, 357 (App. Div. 1982)). Such an inquiry must focus on "the facts of the case and not . . . the subjective intent of the actor." Ibid.

In his brief, defendant claims he told probation that "his possession of the knife was lawful months before the withdrawal motion was filed." However, defendant's statement to probation, ("Yeah we had an argument and I picked up a knife but I wasn't gonna use it."), is more consistent with his allocution than his subsequent version that he was only trying to keep the knife away from N.C.

Focusing on the "circumstances surrounding the possession" of the knife, see Montalvo, supra, 229 N.J. at 317, as established by defendant's allocution, his statement to probation, N.C.'s initial statement to police, and R.P.'s 9-1-1 call, we are satisfied that defendant's admission that he did not have a lawful purpose in possessing the knife was sufficient to establish a violation of unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

There was ample support in the record to support the judge's conclusion that defendant failed to demonstrate that enforcing the guilty plea would violate the basic fairness concept of the second Slater factor.

The third and fourth Slater factors (plea made pursuant to a negotiated plea agreement, and prejudice to the State if plea is withdrawn) weigh against defendant.

14

We are satisfied that defendant made an adequate factual basis for his guilty plea and the judge did not abuse his discretion in making any of the <u>Slater</u> findings.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

**ESPINOSA, J.A.D., dissenting.**

The majority has marshalled facts gleaned from the investigation that might well support a conviction of defendant if presented in the form of competent evidence at trial. It is questionable that the State could prove the "facts" the majority has "taken from the record" because the essential facts relied upon are derived from a statement N.C. gave that she has largely disavowed, and the description of a 911 call from defendant's mother, not in the record provided to us, that apparently conflicts with her current account of events. But the issue before us is not whether the State could prove defendant's guilt; it is whether he admitted his guilt. And it is clear he did not admit facts relied upon by the majority.

In my view, the threshold for our review must be a recognition of the difference between a conviction following a trial, in which the defendant has been afforded his constitutional rights, and a conviction following a guilty plea, in which he has waived those rights. "[A] guilty plea is the final relinquishment of the most cherished right--to be presumed innocent of crime until a jury of one's peers has determined guilt beyond a reasonable doubt." State v. Slater, 198 N.J. 145, 154 (2009) (quoting State v. Smullen, 118 N.J. 408, 414 (1990)).

When a defendant pleads guilty, he or she waives important constitutional rights, "including the right to avoid self-incrimination, to confront his or her accusers, and to secure a jury trial." A defendant who pleads guilty also relinquishes the right to require that the State prove to the jury every element of the offense beyond a reasonable doubt.

[State v. Gregory, 220 N.J. 413, 418 (2015) (citations omitted).]

"Before a court can accept a defendant's guilty plea, it first must be convinced that (1) the defendant has provided an adequate factual basis for the plea; (2) the plea is made voluntarily; and (3) the plea is made knowingly." State v. Lipa, 219 N.J. 323, 331 (2014) (citing R. 3:9-2). "In short, a trial court must not accept a guilty plea unless it is satisfied that the defendant is in fact guilty." Ibid.

"[O]ur law requires that each element of the offense be addressed in the plea colloquy." State v. Campfield, 213 N.J. 218, 231 (2013). The Court has made it clear the defendant must be the source for establishing the factual foundation, either by "a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting essential elements of the crime." Gregory, supra, 220 N.J. at 419 (citing Campfield, supra, 213 N.J. at 231). "[T]he trial court must be satisfied from the lips of the defendant that he committed the

acts which constitute the crime." State ex rel. T.M., 166 N.J. 319, 327 (2001) (citation omitted).

In Gregory, the Court considered the adequacy of a factual basis for a guilty plea where, like here, circumstances supporting an inference of guilt were not acknowledged by the defendant. The defendant entered a guilty plea to a charge of possessing heroin with intent to distribute within 1,000 feet of a school property, N.J.S.A. 2C:35-7. "At his plea hearing, defendant admitted that he knowingly possessed heroin contained in individual, stamp-sized packages with specific markings while within 1000 feet of school property." Gregory, supra, 220 N.J. at 417. He "did not state the number of small, individually packaged, specifically marked baggies that he possessed, or otherwise describe the amount of heroin in his possession." Id. at 421, n.1.

Among the issues raised in his direct appeal, the defendant contended he did not provide an adequate factual basis for his guilty plea because he did not admit an intent to distribute heroin. Id. at 418. Relying upon T.M., supra, 166 N.J. at 327, the State argued "defendant's admissions provide a sufficient factual basis for his guilty plea when 'examined in light of all surrounding circumstances and in the context of [the] entire plea colloquy.'" Gregory, supra, 220 N.J. at 418.

Certainly, if the court could assess the defendant's admissions "in light of all surrounding circumstances," even those not explicitly admitted by the defendant, the factual basis given in Gregory would appear to be adequate. But, the Court explicitly rejected the proposition that surrounding circumstances, not acknowledged by the defendant, could fill the gaps in a defendant's plea colloquy. Although a trial court may look at "surrounding circumstances," this only permits "trial courts to consider at the plea hearing stipulations and facts admitted or adopted by the defendant when assessing the adequacy of a defendant's factual basis." Id. at 420. The Court rejected the State's urging "to presume defendant's intent to distribute from the way the narcotics were packaged," instructing, "a court is not permitted to presume facts required to establish 'the essential elements of the crime.'" Id. at 421 (quoting T.M., supra, 166 N.J. at 333). And in a companion case, decided the same day as Gregory, the Court stated,

> A defendant must do more than accede to a version of events presented by the prosecutor. Rather, a defendant must admit that he engaged in the charged offense and provide a factual statement or acknowledge all of the facts that comprise the essential elements of the offense to which the defendant pleads guilty.
>
> [State v. Perez, 220 N.J. 423, 433-34 (2015) (emphasis added).]

The Court recognized that "in certain limited circumstances, a particular element of an offense may address a fact that is beyond a defendant's knowledge," such as "whether an unlawful transaction occurred within 1000 feet of a school." Gregory, supra, 220 N.J. at 421. Even when there is such a predictable void in the defendant's knowledge, there is no exception to the rule that the defendant admit the essential elements of the crime. Instead, "[t]o satisfy such an element, prosecutors should make an appropriate representation on the record at the time of the hearing, so that the defendant can acknowledge or dispute it." Ibid.

Turning to the facts before it, the Court noted the following in reversing defendant's conviction:

> During his plea colloquy, defendant admitted to knowingly or purposely possessing heroin -- albeit not on his person -- while within 1000 feet of a school, and that he knew the heroin was individually packaged in small, specifically marked baggies. However, the "intent to distribute" element of the offense was absent from defendant's testimony.
>
> [Ibid.]

The facts admitted by defendant here fell even further from an acknowledgment of circumstances that would support a conviction.

The essential elements of an offense under N.J.S.A. 2C:39-5(d) are (1) there was a weapon, (2) defendant possessed the weapon knowingly, and (3) the defendant's possession of the weapon was under circumstances not manifestly appropriate for a lawful use. Model Jury Charge (Criminal), "Unlawful Possession of a Weapon, N.J.S.A. 2C:39-5d" (2005).

During the course of his plea colloquy, defendant admitted he knowingly possessed a weapon. He admitted little else. In the first attempted plea colloquy, he stated, "I had a lawful purpose, like, I didn't want to do anything unlawful. I just possessed it." The second attempt at establishing a factual basis yielded the following:

> Q. And you didn't have a lawful purpose
> for that knife, right?
>
> A. I did not.

As the majority has noted, in State v. Montalvo, 229 N.J. 300 (2017), the Court distinguished between the elements of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d), which "calls for an inquiry into the intent of the possessor of a weapon," and unlawful possession of a weapon, N.J.S.A. 2C:39-5(d), for which "intent is not an element." Id. at 317.

The Court instructed that the proper inquiry is "whether the circumstances surrounding the possession were manifestly

appropriate" for lawful use. Ibid. (quoting State v. Colon, 186 N.J. Super. 355, 357 (App. Div. 1982)) (per curiam). The Court reviewed circumstances a jury might consider to determine "whether the use of a weapon is manifestly appropriate or inappropriate under the circumstances." Ibid. The Court cited cases in which the circumstances supported a conviction for unlawful possession: State v. Lee, 96 N.J. 156, 164-67 (1984) (defendant possessed scissors taped to simulate stiletto while burglarizing home); State v. Wright, 96 N.J. 170, 172-73 (1984), appeal dismissed, 469 U.S. 1146, 105 S. Ct. 890, 83 L. Ed. 2d 906 (1985) (defendant possessed Exacto knife, strapped to leg, while wandering neighborhood) as well as cases in which the circumstances failed to support a conviction, such as when the defendant possessed a pocket knife in his pocket while walking down the street, State v. Blaine, 221 N.J. Super. 66, 70-71 (App. Div. 1987) or when the defendant possessed a pocket knife but did not display it while committing a robbery, State v. Riley, 306 N.J. Super. 141, 149-51 (App. Div. 1997).

In my view, it was necessary for defendant to admit to circumstances that were manifestly inappropriate to provide an adequate factual basis for his guilty plea. Although the majority has cited circumstances derived from statements made by witnesses who have since recanted, none of these circumstances were

acknowledged by defendant. Without defendant's admission that such circumstances were present, his factual basis is no more adequate than the cases noted by the Supreme Court that failed to support a conviction.

Finally, I address the appropriate standard of review. As the majority acknowledges, "[t]he standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015). But the majority also posits that, because defendant's motion to withdraw his guilty plea was based upon both an argument that his factual basis was inadequate and that a Slater analysis warranted granting his motion, the de novo review of the factual basis for his guilty plea must give way to a Slater analysis. The support for this position is a single word in a sentence in Tate that is taken out of context, "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Id. at 404 (Emphasis added).

A review of the opinion reveals that, when a defendant contends his guilty plea lacks a sufficient factual basis, the Court clearly did not intend to limit appellate review to a Slater analysis merely because other arguments were raised. The Court noted the distinction between the review of cases in which the plea is supported by an adequate factual basis and those in which

it is not. As to the latter case, we exercise a de novo review of that issue, which has dispositive effect. As the Court stated, "In short, if a factual basis has not been given to support a guilty plea, the analysis ends and the plea must be vacated." Id. at 404.

The Court explained that a different standard of review applies "where the plea is supported by an adequate factual basis but the defendant later asserts his innocence." Ibid. Under those circumstances, the Slater analysis applies and we review the trial court's decision pursuant to an abuse of discretion standard. Ibid.

From the first, defendant has asserted he should be permitted to withdraw his guilty plea because it was not supported by an adequate factual basis. Therefore, our review must begin there and, in my view, our analysis ends there with the conclusion that defendant's plea must be vacated. For these reasons, I respectfully dissent.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4435-15T2