**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3626-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JESUS H. SANCHEZ-
MONSALVE,

    Defendant-Appellant.

_____

Argued March 21, 2022 – Decided April 4 , 2022

Before Judges Messano and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 10-12-0825.

Michael Noriega argued the cause for appellant (Bramnick, Rodriguez, Grabas, Arnold & Mangan, LLC, attorneys; Michael Noriega and Cristina Carreno, of counsel and on the brief).

Adam D. Klein, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Acting Attorney General, attorney; Adam D. Klein, of counsel and on the brief).

PER CURIAM

Defendant Jesus H. Sanchez-Monsalve appeals from an April 24, 2020 Law Division order, denying his post-sentencing motion to vacate his guilty plea. Based on our de novo review of the plea colloquy, State v. Tate, 220 N.J. 393, 403-04 (2015), in view of the applicable legal standards, we conclude the factual basis for the guilty plea was sufficient. We therefore affirm.

The facts underlying defendant's conviction are straightforward and undisputed. Sometime between February 25, 2006 and November 28, 2006, defendant applied for a driver's license with the Motor Vehicle Commission (MVC). As a non-citizen residing in the United States illegally, defendant was unable to obtain a license in his own name and, as such, he utilized another person's identifying information. In September 2010, defendant was charged in a complaint-warrant with second-degree use of personal identifying information of another, N.J.S.A. 2C:21-17.2(a); third-degree forgery, N.J.S.A. 2C:21-1(a)(2); and third-degree tampering with public records, N.J.S.A. 2C:28-7(a)(2). By the time of his plea hearing, defendant had become a lawful permanent resident.

In December 2010, defendant waived his rights to indictment and trial by

jury, and pled guilty to a Mercer County accusation charging him with third-degree tampering with public records.  During defendant's plea allocution, his attorney elicited the following factual basis, in pertinent part:

> DEFENSE COUNSEL:  [W]ere you, between the dates of February 25, 2006 and November 28[], 2006, present here in the City of Trenton, County of Mercer?
>
> DEFENDANT:  Yes, sir.
>
> DEFENSE COUNSEL:  And at that time did you enter the building known as the [MVC] here in Trenton?
>
> DEFENDANT:  Yes, sir.
>
> DEFENSE COUNSEL:  And at that time did you fill out an application for a New Jersey driver's license?
>
> DEFENDANT:  Yes, sir.
>
> DEFENSE COUNSEL:  And did that application contain the date of birth, social security number, and other identification information of the purported applicant, a V.M.A.?
>
> DEFENDANT:  Yes.
>
> DEFENSE COUNSEL:  Okay.  And you presented that information to the [MVC] knowing that you were not V.M.A.; is that correct?
>
> DEFENDANT:  Yes.
>
> DEFENSE COUNSEL:  And you know you're not allowed to do that; is that correct?

3

DEFENDANT: Yes, sir.

DEFENSE COUNSEL: And did you do that because at that time you were unable to obtain a driver's license in your own name because of your illegal status at that time?

DEFENDANT: Yes, sir.

In response to the plea judge's inquiry, defendant confirmed he was "pleading guilty because [he was], in fact, guilty of presenting a driver's license application with personal identifying information of V.M.A. in Trenton to the [MVC] knowing [he was] not V.M.A.," and he knew it was "illegal to do so." Defendant asked the judge to accept his guilty plea.

In accordance with the negotiated plea agreement, defendant was sentenced in March 2011 to a three-year non-custodial probationary term, community service, and applicable fees. In addition, the remaining counts charged in the underlying complaint-warrant were dismissed. Defendant did not appeal his conviction or sentence. Nor did he seek post-conviction relief.

In August 2019 – more than eight years after the judgment of conviction was entered – defendant moved to vacate his guilty plea. Defendant asserted because he did not expressly state he "knew that he was defrauding" or "harming or injuring the [MVC,]" when he applied for a driver's license with another person's credentials, his factual basis did not satisfy the "fraud component" of

4                                                    A-3626-19

his conviction. Because defendant did not discover this deficiency until he consulted counsel to determine whether the conviction disqualified him from citizenship, defendant contended he satisfied the manifest injustice standard for vacating his plea post-sentencing under Rule 3:21-1.

Following argument, the motion judge, who was not the plea judge, reserved decision. On April 23, 2020, the judge issued a cogent oral decision, denying defendant's motion. Citing the governing law, the judge rejected defendant's arguments, finding he failed to satisfy the manifest injustice standard, and his "plea colloquy established an adequate factual basis." The judge elaborated:

> [Defendant] admitted submitting false information to the MVC, falsely pretending to be [V.M.A.], knowing it to be illegal for the purpose of obtaining from the [MVC] a New Jersey driver's license because he was unable to get one in his own name.
>
> All of the surrounding circumstances, including the facts specifically admitted by defendant, clearly indicate a purpose to defraud the [MVC]. Defendant was attempting to obtain a driver's license from [the] MVC knowingly pretending to be someone else and presenting false information to do so.

This appeal followed.

Defendant now raises the following points for our consideration:

## POINT I

[]DEFENDANT DID NOT ADMIT TO ALL OF THE NECESSARY ELEMENTS OF THE OFFENSE OF N.J.S.A. 2C:28-7; SPECIFICALLY, FAILING TO ADMIT TO A MOTIVE, AND THUS THE FLAWED PLEA MUST BE VACATED.

## POINT II

THE LOWER COURT ERRED BY RELYING ON SURROUNDING CIRCUMSTANCES TO INFER THE ELEMENT OF "MOTIVE" IN DEFENDANT'S GUILTY PLEA.

A judge must determine that there is "a factual basis for the [guilty] plea." R. 3:9-2. "The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgement of the underlying facts constituting essential elements of the crime." State v. Gregory, 220 N.J. 413, 419 (2015). "[E]ach element of the offense [must] be addressed in the plea colloquy." State v. Campfield, 213 N.J. 218, 231 (2013).

The elements of third-degree tampering with public records are contained in N.J.S.A. 2C:28-7, and provides in pertinent part:

> A person commits an offense if he: . . . [m]akes, presents, offers for filing, or uses any record, document or thing knowing it to be false, and with purpose that it be taken as a genuine part of information or [government] records . . . [with the] purpose . . . to defraud or injure anyone.

6

[(Emphasis added); see also Model Jury Charges (Criminal), "Tampering with Public Records or Information (N.J.S.A. 2C:28-7(a)(2))" (rev. May 22, 2000).]

Pursuant to the correlating model jury charge: "Purpose is a condition of the mind which cannot be seen and can only be determined by inferences from the defendant's conduct, words or acts." Ibid.

During his plea allocution, defendant expressly acknowledged he applied for a driver's license in 2006 with V.M.A.'s personal identifying information because defendant was an undocumented immigrant, unable to lawfully obtain a driver's license. Defendant's "purpose" was implicit in those admissions. See Campfield, 213 N.J. at 231-32 ("[T]he defendant's admissions 'should be examined in light of all surrounding circumstances and in the context of the entire plea colloquy.'" (quoting State ex rel. T.M., 166 N.J. 319, 327 (2001))); see also Gregory, 220 N.J. at 420. We are satisfied defendant provided the court with an adequate factual basis for his guilty plea to third-degree tampering with public records.

To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION