**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4762-17T4

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

ALLISTAIR MINGO, a/k/a
ALLISTARR MINGO,

    Defendant-Respondent.

Submitted December 19, 2018 – Decided January 16, 2019

Before Judges Alvarez and Nugent.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment Nos. 01-08-3566 and 06-08-2354.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for appellant (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Scott A. Gorman, attorney for respondent.

PER CURIAM

Defendant Allistair Mingo, a Guyana-born resident of this country, entered a guilty plea to third-degree conspiracy to possess a controlled dangerous substance (CDS) with the intent to distribute, N.J.S.A. 2C:5-2 and 2C:35-5(a)(1), in 2001.  On September 28, 2007, defendant was sentenced after pleading guilty to probation on an amended charge of third-degree eluding, N.J.S.A. 2C:29-2(b).  The United States Immigration and Customs Enforcement Agency (ICE) detained him on June 7, 2017.  He subsequently filed a post-conviction relief (PCR) petition,[1] granted on January 19, 2018.  Both matters were restored to the trial list, as the judge concluded no adequate factual basis was established as to either plea.  We reverse.

The issue the State raises, by way of interlocutory appeal on remand by the Supreme Court, is that the petition should have been time-barred under Rule 3:22-12(a)(1), which requires filing within five years of the date of entry of a judgment of conviction. The State further argues on appeal that the factual bases were adequate on both guilty pleas.

---

[1]  Defendant's verified petition for PCR included a jurat by counsel, who stated in the body of the petition that he had "personal knowledge of the facts as set forth in this certification."  That appears to violate Rule 1:6-6, which prohibits attorneys from filing certifications not based on firsthand knowledge.  A number of the paragraphs included in the petition involve material about which counsel could not have had personal knowledge.  Defendant's certification was also attached, verifying the petition.

A-4762-17T4

The Law Division judge concluded that excusable neglect warranted consideration of the petition, despite the rule's prohibition, because defendant had not been advised by anyone during the entry of these pleas that his legal resident status would be jeopardized by the convictions. She also found that defendant had established a fundamental injustice such that the five-year time bar should be relaxed. The fundamental injustice stems from the devastating effect deportation will have on defendant, who has been law abiding since his 2007 conviction, and his family. He is married with two children, including a two-year-old.

During the 2007 plea colloquy, defendant and his counsel engaged in the following exchange:

> Q. And at a certain point after you had turned on Ellis Avenue, the police officer who was in plain clothes tried to get you to stop. You were backing up the street; is that correct.
>
> A. Yes.
>
> Q. And at a certain point, there was a police officer who tried to get you -- who was [waving] you down trying to get you to stop backing up back up Ellis Avenue. And you continued to drive even though he was attempting to stop you; is that correct?
>
> A. Yes.

A-4762-17T4

The judge found the factual basis inadequate because the allocution did not establish that defendant knew that the person who was signaling him to stop was a police officer, and knowledge is a required statutory element.

The 2001 transcript indicates as follows:

> THE COURT: And with the assistance of your lawyer, tell us what makes you guilty of this . . . particular charge.
>
> [DEFENDANT]: I was guilty.
>
> THE COURT: With [defense counsel's] --
>
> [DEFENSE COUNSEL]: Yes.
>
> THE COURT: -- assistance, tell us what it is that makes you guilty of this particular charge.
>
> DIRECT EXAMINATION BY [DEFENSE COUNSEL]:
>
> Q Mr. Mingo, on July 8th, 2001, did you agree with a Mohammed Barnes (phonetic) and Corey Robinson to distribute controlled dangerous substance, specifically heroin and cocaine?
>
> A. (indiscernible) that we had -- I won't say that contribute, that I did know drugs was sold around the area, but like I won't say I -- that I was contribute to what -- what was going on around there.
>
> THE COURT: You didn't -- you didn't -- he's not -- - what he's saying is, did you have a discussion or an agreement with regard to that, not that you did anything -- actually did anything, didn't have to --

4

THE WITNESS: Did I have agreement with Mohammad Barnes or Corey Robinson about transaction --

THE COURT: Yeah.

[DEFENSE COUNSEL]: Your -- your Honor -- your Honor, may -- may I consult my client --

THE COURT: Sure.

[DEFENSE COUNSEL]: -- for one second please?

(Tape off)

THE COURT: Would you continue with the factual basis please.

BY [DEFENSE COUNSEL]:

Q     Now Mr. Mingo, did you on July 8th, 2001, agree with a Mohammad Barnes and a Corey Robinson to distribute cocaine and heroin in the City of Irvington in the County of Essex, State of New Jersey.

A     Yes.

[DEFENSE COUNSEL]: No further questions your --- did you at the time know that it was illegal to distribute cocaine and heroin?

THE WITNESS: Yes.

[DEFENSE COUNSEL]: No further questions.

5

As to the 2001 plea, the Law Division judge concluded that since no evidence of an overt act was provided, that plea was also fatally flawed.

This petition is somewhat of an anomaly, as no claim of ineffective assistance of counsel is being raised. Rather, the PCR petition presented a straightforward attack on the foundation for the convictions—the entry of the guilty plea. The trigger for the petition is undisputed, ICE's deportation of defendant.

The State asserts the following points of error:

> Point I
> Defendant's PCR petition was time-barred. The Law Division should have dismissed it on that basis.
>
> Point II
> Defendant gave adequate factual bases for both of his convictions. Defendant's plea colloquies show defendant admitted to every element of each of the offenses for which he was convicted.
>
> > A.    The 2001 CDS Conspiracy Conviction
> > B.    The 2007 Eluding Conviction

Prior law would lead us to conclude that defendant's convictions are not subject to collateral attack by way of a PCR petition solely because of the alleged inadequacy of the factual basis. Defendant made no assertion regarding his innocence or the lack of voluntariness of the plea. See State v. Mitchell, 126 N.J. 565, 577 (1992) ("[a]s long as a guilty plea is knowing and voluntary . . . a

6

court's failure to elicit a factual basis for the plea is not necessarily of constitutional dimension and thus does not render illegal a sentence imposed without such a basis[]"); State v. Barboza, 115 N.J. 415, 421 n.1 (1989) ("a factual basis is not constitutionally required unless the defendant accompanies the plea with a claim of innocence.").

However, the issue is no longer as clear given State v. Tate, 220 N.J. 393 (2015), and State v. Gregory, 220 N.J. 422 (2015). In Tate and Gregory, admittedly in the context of motions to vacate guilty pleas, the Court held no Slater[2] analysis is necessary if an inadequate factual basis is alleged. In other words, the requirement that a defendant establish "a comprehensive factual basis, addressing each element of the offense in substantial detail . . ." is so significant that even Slater's requirement that a colorable claim of innocence be made does not figure in to the calculus. See Gregory, 220 N.J. at 422; Tate, 220 N.J. at 404. A sufficient factual basis is essentially a matter of due process. We therefore only address the allegedly insufficient factual basis, and do not reach the issue of the time bar found in Rule 3:22-12(a)(1).

---

[2] State v. Slater, 198 N.J. 145, 157-58 (2009) (setting forth the factors trial judges should consider in evaluating motions to withdraw a guilty plea).

Our review of the Law Division judge's decision with regard to the adequacy of the factual basis is made de novo. See Tate, 220 N.J. at 403-04. Clearly, with regard to the eluding conviction, defendant did not specifically state that he knew the person who was attempting to stop him as he backed up the street was a police officer. Rather, it was a premise buried in the leading question. Defense counsel asked defendant if a police officer tried to get him to stop and if a police officer was waving him down to try to get him to stop driving. Given the facts included in the question, there was neither a need for defendant to specifically state a police officer wanted to stop him, nor the opportunity for him to confirm that it indeed was an officer. Thus, we are satisfied that an adequate factual basis has been established.

Although our Court has approved the practice of posing leading questions to defendants "to ensure an adequate factual basis for the guilty plea[,]" State v. Campfield, 213 N.J. 218, 231 (2013)), lengthy, multi-part leading questions, including many facts and details, is problematic. "[I]t is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail, when a defendant is pleading guilty to that offense." Id. at 236; see also State v. Smullen, 118 N.J. 408, 415 (1990). It seems too obvious to require mention, but understandable one-part questions should be

asked, broken down with the necessary statutory elements in mind.  The Court continues to require "substantial detail."  See Gregory, 220 N.J. at 422.  But here defendant's "yes" responses to the two questions sufficed.

The Law Division judge concluded that the conspiracy conviction was improper because defendant did not testify as to an overt act.  However, N.J.S.A. 2C:5-2(d) specifies that a distribution or possession with intent to distribute a CDS conspiracy does not require an overt act.  This exception to the general requirement that conspiracies require an overt act is of long standing.  See N.J.S.A. 2C:5-2(d); State v. Roldan, 314 N.J. Super. 173, 189 n.6 (App. Div. 1998) ("Under N.J.S.A. 2C:5-2(d), the State is not required to show any overt act if an alleged conspiracy involves a crime of the first or second degree or the distribution or possession with the intent to distribute a controlled dangerous substance."); see also State v. LeFurge, 101 N.J. 404, 413 n.6 (1986).

The initial question posed in the 2001 colloquy was virtually incomprehensible.  Defendant's response was equally incomprehensible, that he did not know that drugs were sold in his area but did not "contribute to what -- what was going on around there."  Only after his attorney took a break, conferred the matter with him, and then came back on the record did defendant acknowledge, by a "yes" response to a less confusing leading question, that he

9

agreed with others to distribute cocaine and heroin. Since no overt act was necessary, and an adequate factual basis was presented, that plea should not have been vacated.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4762-17T4