**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0031-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY C. BARBATO,

    Defendant-Appellant.

_____

Argued October 9, 2024 – Decided November 14, 2024

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Municipal Appeal No. MA 23-005.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Michael H. Ross, of counsel; Luke C. Kurzawa, on the brief).

Melinda A. Harrigan, Assistant Prosecutor, argued the cause for respondent (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Melinda A. Harrigan, of counsel and on the brief).

PER CURIAM

Defendant appeals a Law Division order which denied his motion to withdraw a 2017 guilty plea to driving while intoxicated (DWI) and his motion for post-conviction relief (PCR) pursuant to State v. Laurick.[1]

Because the municipal court properly advised defendant of his right to counsel prior to his guilty plea, and because the record shows defendant admitted to the elements of N.J.S.A. 39:4-50 during his plea colloquy, we affirm.

I.

Defendant appeals a de novo review of the January 23, 2023, order of the Middletown Township Municipal Court denying his motion to withdraw a 2017 guilty plea of DWI and his motion pursuant to Laurick, 120 N.J. at 1.

On August 27, 2016, the municipal court listed defendant's DWI charge for trial for the first time. Defendant failed to appear, and the court relisted the matter for September 12. That day, defendant appeared and informed the municipal court he wanted to retain counsel. The court rescheduled for October 8, however, defendant failed to appear that day. The court again relisted for March 2, 2017, and again defendant failed to appear.

---

[1] 120 N.J. 1 (1990).

A-0031-23

On May 15, 2017, defendant appeared before the Middletown Township Municipal Court without counsel. He was charged with driving while intoxicated, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; speeding, N.J.S.A. 39:4-98; possessing an open container of alcohol in his vehicle, N.J.S.A. 39:4-5 l(b); and traffic on marked lanes, N.J.S.A. 39:4-88(b). When the court asked defendant whether he would plead guilty to DWI, they had the following colloquy:

> THE COURT: [W]e had given you advisements September 12, of 2016, indicating the potential penalties that you faced if I accept your guilty plea. I should run through them again for you, so that you are aware of that before you make any decisions.
>
> THE COURT: As . . . indicated back in September, you have the right to be represented by an attorney. You indicated back in March of 17 that you intended to retain private counsel, and then when we rescheduled it for the 27 you failed to appear. I take it you wish to waive both the private counsel and the public defender and wish to plead guilty today, is that correct?
>
> [THE DEFENDANT]: Yes. Yeah.
>
> THE COURT: Again, cognizant of the potential penalties. Are you under the influence or if anyone had offered the defendant anything outside of what [he] indicated on the record in terms of an inducement to plead guilty.
>
> [THE DEFENDANT]: No, your Honor.

3

THE COURT: And did you get a chance to talk with private counsel?

[THE DEFENDANT]: No, — I was homeless, and I messed up and take the penalties and - stand up.

THE COURT: And again, you wish now to waive that right to appointment of the public defender and to plead guilty today, is that correct?

[THE DEFENDANT]: Yes.

THE COURT: You were operating a motor vehicle here in Middletown on August 11th of 2016 while under the influence of alcohol, is that correct?

[THE DEFENDANT]: Yes.

THE COURT: And how much [did you] have . . . to drink?

[THE DEFENDANT]: I think it was a half pint of vodka.

THE COURT: And that was just prior to your operation?

[THE DEFENDANT]: Yes.

        . . . .


THE COURT: Do you understand that these are serious penalties, even today you have the right to apply for the appointment of public defender. Knowing all this you want to waive your right and proceed, is that correct?

[THE DEFENDANT]: Yes.

4

THE COURT: We want to make sure that your decision to plead is a voluntary one. Again because of the severity of the penalties that are imposed.

THE COURT: Because you don't want a second or third offense, you have heard the penalties for that.

THE COURT: All right. Based on the testimony I do find that Mr. Barbato did in fact operate his motor vehicle here in Middletown on August 11th, of 2016 while under the influence of alcohol, having consumed, as he indicated, approximately a pint of vodka prior to his operation. I do find that he enters this plea of guilty today knowingly, voluntarily and intelligently, after being made aware of the potential penalties that he faces, as well as the potential enhanced penalties for driving while on the revoke list for this DWI. I do not find that he is under the influence of any drugs or alcohol which would impair his ability to make a decision to plead guilty, and that he does this in full knowledge of the potential penalties that had been detailed on the record before.

The municipal court sentenced defendant to fines and penalties consistent with his status as a first-time offender of driving while intoxicated: $356 fine, $33 court costs, $50 to the Violent Crimes Compensation Board fund, $75 to the Safe Neighborhood Services Fund, $225 to the DWI fund, seven months of license suspension, twelve hours of the Intoxicated Driver Resource Compensation Board program, and one year of ignition interlock and registration suspension after completion of the license suspension.

A-0031-23

Defendant moved to vacate his guilty plea and moved for PCR. The municipal court denied both motions, finding defendant's guilty plea and waiver of counsel sufficient. Defendant appealed to the Law Division, seeking de novo review.

The Law Division denied relief. Making findings on whether defendant properly waived his right to counsel, the court stated, "the record is clear that defendant made a choice to forego representation and, with it, everything that comes with a complete defense including obtaining and reviewing discovery" and "[t]his court can state with confidence that there is nothing more [the municipal court] could have done to fully apprise defendant of his right to counsel, being mindful of defendant's Sixth Amendment right to represent himself."

On the motion to withdraw defendant's guilty plea, the Law Division found defendant admitted to each element of his DWI charge and provided an adequate factual basis. The court found no "manifest injustice" under State v. Slater.[2]

Before us, defendant argues two points:

---

[2] 198 N.J. 145, 157-58 (2009).

I.    DEFENDANT IS ENTITLED TO RELIEF UNDER STATE V. LAURICK, 120 N.J. 1 (1990) BECAUSE HE WAS UNCOUNSELED WHEN HE ENTERED A GUILTY PLEA TO DWI ON MAY 15, 2017, IN THE MIDDLETOWN TOWNSHIP MUNICIPAL COURT.

II.    DEFENDANT'S MOTION TO VACATE THE MAY 15, 2017, GUILTY PLEA SHOULD HAVE BEEN GRANTED ON DE NOVO REVIEW GIVEN THE MUNICIPAL COURT'S FAILURE TO ELICIT A SUFFICENT FACTUAL BASIS FOR THE ENTRY OF DEFENDANT'S GUILTY PLEA ON MAY 15, 2017, IN ACCORDANCE WITH R. 7:6-2A(l).

II.

We summarized our "two-court" standard of review in State v. Triosi:

> Our review of a de novo decision in the Law Division is limited. State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005). We do not independently assess the evidence as if we were the court of first instance. State v. Locurto, 157 N.J. 463, 471 (1999). Rather, we focus our review on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). Deference is especially appropriate when, as here, two separate courts have examined the facts and reached the same conclusion. Under the two-court rule, we do not ordinarily alter concurrent findings of fact and credibility determinations made by two prior courts absent a very obvious and exceptional showing of error. Locurto, 157 N.J. at 474 (citation omitted). The trial

7

court's legal rulings, however, are considered de novo. Robertson, 228 N.J. at 148. A "trial court's interpretation of the law and the consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

[471 N.J. Super. 158, 164 (App. Div. 2022).]

### III.

We affirm substantially for the reasons expressed by Judge Michael Guadagno in his cogent written statement of reasons. We briefly comment on the issues raised by defendant.

### A.

To obtain relief under Laurick, the indigent defendant need only show that his DWI guilty plea "was a product of an absence of notice of the right to assignment of counsel and non-assignment of such counsel without waiver." Id. at 11.

Although defendant was unrepresented when he entered his guilty plea, he was not uncounseled. The municipal court repeatedly advised defendant of his right to retain counsel. After being counseled multiple times by the municipal court, defendant nonetheless entered his guilty plea. Defendant has

8

failed to show that he entered his guilty plea without the municipal court advising him of his right to counsel.

## B.

Rule 7:6-2(a)(1) states in relevant part:

> [A] court shall not accept a guilty plea without first addressing the defendant personally and determining by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea.

The factual basis for a guilty plea can be established by defendant's explicit admission of guilt or by a defendant's acknowledgement of the underlying facts constituting the essential elements of the crime. State v. Gregory, 220 N.J. 413, 419 (2015) (citing State v. Campfield, 213 N.J. 218, 231 (2013)).

Defendant admitted to each of the elements under N.J.S.A. 39:4-50(a). He admitted that he drank half a pint of vodka just prior to operating a motor vehicle, and that he operated it while under the influence of alcohol. Judge Guadagno correctly determined that defendant provided a sufficient factual basis.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0031-23