**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3654-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY BARBATO,

    Defendant-Appellant.

_____

Argued September 16, 2024 – Decided October 16, 2024

Before Judges Sumners and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 22-05.

Luke C. Kurzawa, argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Michael H. Ross, of counsel; Luke C. Kurzawa, on the brief).

Cheryl L. Hammel, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor; Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, on the brief).

PER CURIAM

On May 16, 2018, defendant appeared with counsel before the Toms River Municipal Court facing charges of a second offense of driving while intoxicated (DWI), N.J.S.A. 39:4-50, and related motor vehicle offenses. Defense counsel advised the court that defendant would plead guilty to second offense DWI, admitting defendant's blood alcohol concentration (BAC) was .17 and provided the court with copies of the Alcotest worksheet and defendant's driving abstract.

The following plea colloquy occurred:

> THE COURT: Sir, I understand you've agreed to plead guilty to the charge of driving while intoxicated?
>
> [DEFENDANT]: Yes.
>
> THE COURT: Anybody threatening you or forcing you to do so?
>
> [DEFENDANT]: No, sir.
>
> THE COURT: You understand, sir, that you would be giving up your rights to have a trial. And at the trial, you would have the right to call witnesses in your defense or confront those witnesses that may be presented against you?
>
> [DEFENDANT]: Yes.
>
> THE COURT: You understand, sir, by pleading guilty, you're giving up your opportunity at that same trial to compel the State to meet their burden of proof beyond a reasonable doubt?

[DEFENDANT]:  Yes.

THE COURT:  And, sir, <u>you also understand by pleading guilty you are admitting to the Court that on the date and time the summonses were issued to you, that you had consumed alcohol, did operate a motor vehicle here in the jurisdiction of Toms River Township.  And the consumption of that alcohol did affect your ability to properly operate your vehicle, and you were, in fact, under the influence of that alcohol</u>?

[DEFENDANT]:  <u>Yes</u>, sir.

THE COURT:  And, sir, you understand as a second offense violator, minimum fines and costs would exceed $850; you'd lose your license for two years; you must do 48 hours in the Intoxicated Drivers Resource Center; 30 days of community service; placement of an ignition interlock device in your vehicle during the two-year revocation and one to three years after that.  And you could go to a jail for up to 90 days.  Understood?

[DEFENDANT]:  Yes, Your Honor.

THE COURT: And all of that being said, do you still wish to plead guilty?

[DEFENDANT]: Yes.

[(Emphasis added).]

3

The municipal court, finding defendant placed a sufficient factual basis of DWI[1] on the record, accepted his guilty plea and sentenced him in accordance with the sentencing guidelines. The other offenses were dismissed pursuant to the parties' agreement.

Almost five years later, on March 23, 2022, defendant, represented by different counsel, moved before the municipal court to vacate his 2018 DWI guilty plea. The court rejected defendant's argument that he gave an insufficient basis for DWI because he was not asked about his BAC reading and did not state what or how much he drank. Defendant appealed to the Law Division.

Law Division Judge Pamela M. Snyder denied defendant's motion to vacate his guilty plea. Applying a de novo standard of review as a reviewing court presented with a motion to vacate a guilty plea for lack of an adequate factual basis, State v. Tate, 220 N.J. 393, 403-04 (2015), the judge agreed with the municipal court that defendant gave an adequate factual basis supporting his guilty plea to DWI under N.J.S.A. 39:4-50. In her oral decision, the judge explained: "[D]efendant explicitly acknowledged to the [municipal] [c]ourt that

---

[1] DWI occurs when "[a] person who operates a motor vehicle while under the influence of intoxicating liquor, narcotic, hallucinogen or habit-producing drug, or operates a motor vehicle with a [BAC] of 0.08 percent or more by weight of alcohol in the defendant's blood." N.J.S.A. 39:4-50.

he operated his motor vehicle while under the influence of alcohol and the alcohol affected his ability to properly operate that vehicle." The judge reasoned that "[e]ven without accepting or considering the stipulation of defense counsel regarding defendant's BAC, the admissions of defendant are enough to satisfy the requirement for an adequate factual basis of a guilty plea." The judge determined that because defendant only contended he gave an inadequate factual basis to support his guilty plea, rather than asserted his innocence, Tate provides that it is unnecessary to consider the four-prong analysis under State v. Slater, 198 N.J. 145, 150 (2009), to withdraw a guilty plea.[2] The judge also rejected defendant's reliance on an unpublished decision, noting the opinion has no precedent value under Rule 1:36-3 and, moreover, was factually distinguishable, thus making it unpersuasive.

Before us, defendant argues in a single point:

> THE WITHIN DEFENDANT'S MOTION TO VACATE GUILTY PLEA SHOULD HAVE BEEN GRANTED ON DE NOVO REVIEW PREDICATED UPON THE MUNICIPAL COURT'S FAILURE TO OBTAIN A SUFFICIENT FACTUAL BASIS FOR THE ENTRY OF DEFENDANT'S GUILTY PLEA ON

---

[2] Under this analysis, the trial judge must consider and balance "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150.

5

MAY 16, 2018 IN ACCORDANCE WITH [RULE] 7:6-2(A)(1).

Based upon our de novo review of a denial of a motion to vacate a plea for lack of an adequate factual basis, Tate, 220 N.J. at 403-04 (citation omitted), we affirm substantially for the same reasons expressed by Judge Snyder in her well-reasoned oral decision. Defendant provided a factual basis for DWI by admitting he was driving under the influence of alcohol, which affected his driving. See R. 7:6-2(a)(1) ("[T]he court shall not, however, accept a guilty plea without first addressing the defendant personally and determining by inquiry of the defendant and, in the court's discretion, of others, that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea."); State v. Gregory, 220 N.J. 413, 419 (2015) ("The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting essential elements of the [offense].") (citing State v. Campfield, 213 N.J. 218, 231 (2013)). Defendant's arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3654-22